THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW GEORGESON, D.O., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 1653 |
| | ) | Judge Blanche M. Manning |
| DUPAGE SURGICAL CONSULTANTS, | ) | |
| LTD., an Illinois Corporation, RICHARD A. | ) | |
| JORGENSEN, M.D., and ANTHONY | ) | |
| ALTIMARI, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Andrew Georgeson sued two doctors with whom he formerly operated a group medical practice, alleging that his former associates improperly terminated his shareholder rights when he left the practice. His claims include shareholder oppression, breach of fiduciary duty, violation of the Illinois Business Corporation Act, and civil conspiracy. He seeks both compensatory and punitive damages. The plaintiff and defendants have filed motions in limine to resolve evidentiary issues before trial, which the court addresses in turn.

1. **Plaintiff's Motion to Exclude Evidence Regarding His Other Business Interests and Involvement In Other Litigation [80-1]**

Georgeson identifies three groups of evidence he seeks to bar as irrelevant and/or unduly prejudicial. First, Georgeson moves to bar all evidence or mention of his interests in businesses other than his former group practice with the defendants, DuPage Surgical Consultants. Specifically, Georgeson contends that his involvement in a nutritional supplement business as well as his service as president of a biotechnology company, MycoPharma, are irrelevant. According to Georgeson, although he was involved in both outside ventures while a physician

with DuPage Surgical, his ownership interest in DuPage Surgical did not preclude outside work. Georgeson also asserts that he never used DuPage Surgical resources in futherance of his outside work. Therefore, Georgeson contends, his outside work is irrelevant to his claims against the defendant for shareholder oppression, breach of fiduciary duty, violation of Illinois' corporation act, or civil conspiracy.

The defendants argue that Georgeson's outside work is relevant because his agreement with them required him to serve as a full-time physician for DuPage Surgical, yet his outside work prevented him from doing so. For instance, they contend, Georgeson frequently cancelled or rescheduled office hours and appointments, to the detriment of his patients, the group practice, and the other physicians.

Under Federal Rule of Evidence 402, to be admissible, evidence must be relevant. Evidence is relevant as long as it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it would be without the evidence." Fed. R. Evid. 401. The relevancy of evidence is left to the court's discretion. *See Fleming v. County of Kane*, 898 F.2d 553, 558 (7th Cir. 1990). Rule 403 provides that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Evidence by its nature is prejudicial to one of the parties, and it is only unfairly prejudicial if it "will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *United States v. Medina*, 755 F.2d 1269, 1274 (7th Cir. 1985).

The parties appear to agree that to the extent Georgeson was a shareholder of DuPage Surgical, he was obligated to provide full-time patient care. Evidence that he failed to do so as a

result of his outside work is therefore relevant to whether he is entitled to the shareholder rights he is suing to enforce. Accordingly, the defendants are entitled to present evidence of Georgeson's outside work, but only for the limited purpose of showing that it interfered with Georgeson's ability to provide full-time patient care at DuPage Surgical.

Next, Georgeson seeks to exclude evidence that his nutritional supplement business lost $200,000. Georgeson contends that the loss is irrelevant; the defendants argue that the loss is relevant because it provided him with a financial motivation to file "unsubstantiated" claims against the defendants. The jury will gauge the substantiality of Georgeson's claims by determining his rights as a shareholder and whether those rights were violated. Evidence of Georgeson's motivation for filing this suit will shed no light on either his rights or the defendants' alleged violations of those rights, and therefore his alleged motivation is irrelevant.

Finally, Georgeson argues that evidence of his involvement in other litigation should be excluded. The defendants respond that they do not intend to use such evidence, so the issue is moot.

To summarize, Georgeson's motion in limine [80-1] is granted in part and denied in part as follows: the defendants may introduce evidence of Georgeson's outside work for the limited purpose of showing that his work adversely affected his ability to provide full-time patient care at DuPage Surgical. The defendants may not introduce evidence that Georgeson's nutritional supplement business lost $200,000, or evidence that he has been involved in other litigation.

## 2. Defendants' Motion to Bar Expert Testimony [82-1]

The defendants anticipate that Georgeson will attempt to use expert testimony to prove

part of his damage claim—damages based upon the value of his alleged ownership interest in DuPage Surgical—even though he never disclosed any experts as required by Federal Rule of Civil Procedure 26(a)(2). Therefore, they ask the court to bar the plaintiff from presenting any expert witnesses. The plaintiff concedes that he failed to disclose any expert witnesses, and states that he plans to establish his damages through lay witnesses, specifically accountants for DuPage Surgical. In light of Georgeson's failure to disclose any expert witnesses, the defendants' motion in limine to bar expert testimony is granted.

Additionally, the defendants argue that the court "should not allow [Georgeson] to back-door expert testimony from any alleged lay witnesses." The gist of the argument is that in response to an interrogatory Georgeson stated that only an expert witness could determine his damages, yet Georgeson now proposes to prove his damages through lay witnesses.

Under Federal Rule of Evidence 602, a lay witness may offer testimony on matters upon which the witness has personal knowledge. Addtionally, under Rule 701, the lay witness may offer his or her opinions and inferences as long as they are: (a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 governing expert witnesses.

DuPage Surgical's accountants presumably have first-hand knowledge of that medical practice's finances, its value, and its disbursements to shareholders. If true, then Georgeson may be able to lay a foundation sufficient to permit the accountants to opine on the value of Georgeson's shares of DuPage Surgical.

Nevertheless, the defendants appear to want the accountants' testimony barred as a

discovery sanction based both upon (1) Georgeson's interrogatory response that only an expert could opine on his damages and (2) Georgeson's disclosure of only one of the two accountants in his initial Rule 26(a) disclosures.  The defendants first requested this sanction in their reply brief which, standing alone, is a reason for denying their request.  *See United States v. Kelly*, 446 F.3d 688, 692 (7th Cir. 2006) (arguments first raised in a reply brief are forfeited).

      **3.**      **Defendants' Motion to Bar Reference to Their Finances  [83-1]**

Defendants ask the court to bar any evidence about their financial status.  They argue that their finances are irrelevant and, alternatively, that evidence of their finances would be unduly prejudicial because it would encourage jurors to find in favor of Georgeson based upon the perception that the defendants are rich.

The financial status of a defendant is relevant if the plaintiff is seeking punitive damages. *See Kemezy v. Peters*, 79 F.3d 33, 36 (7th Cir. 1996) ("plaintiffs who are seeking punitive damages often present evidence of the defendant's wealth"); *see also EEOC v. Staffing Network*, No. 02 CV 1591, 2002 WL 31473840, at * 3-4 (N.D. Ill. Nov. 4, 2002) (a plaintiff seeking punitive damages is entitled to discovery regarding the defendant's financial status).  In fact, Illinois law identifies a defendant's financial status as one of three factors to be considered when assessing punitive damages.  *See Hollowell v. Wilder Corp.*, 743 N.E.2d 707, 712 (Ill. App. Ct. 2001) (the factors relevant to determining punitive damages are the nature and enormity of the wrong, the potential liablity of the defendant, and the financial status of the defendant).

Nevertheless, the defendants believe that evidence of their financial status will unduly prejudice the jury against them.  In support, they cite a series of similar cases including *Scheibel v. Groeteka,* 538 N.E.2d 1236, 1251 (Ill. App. Ct. 1989), in which the court held that reference to

the defendant's financial status can be "so harmful and prejudicial as to [result] in the return of an improper verdict," and therefore constitutes reversible error. However, in each of the cases the defendants cite, the plaintiff sought only compensatory, not punitive, damages. In those cases the defendants' financial status was irrelevant to any issue before the court, and therefore the defendants' cases are inapposite.

Accordingly, the court determines that evidence of the defendants' financial status is potentially relevant to the plaintiff's request for punitive damages. However, to ensure that use of evidence of financial wealth is restricted to the limited issue of punitive damages, the court takes under advisement the defendants' motion in limine to bar such evidence [83-1]. The court defers ruling on the motion until trial, at which time the court will be able to view the evidence in context to ensure that it is used for the limited purpose set forth above.

4. **Motion to Bar Evidence of Settlement Negotiations [84-1]**

Defendants ask the court to bar any evidence of settlement negotiations. Under Federal Rule of Evidence 408, evidence, conduct, statements, or promises to accept valuable consideration in attempting to compromise a claim are inadmissible "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." Fed. R. Evid. 408(a). Accordingly, the motion [84-1] is granted.

5. **Motion to Admit That Plaintiff is No Longer Licensed to Practice Medicine Within the State of Illinois [85-1]**

Defendants make the confusing request that the court "admit" that Plaintiff is no longer licensed to practice medicine in Illinois, and to bar any witness from testifying otherwise.

In essence, what the defendants appear to be attempting to do is to bar witness testimony based upon its truthfulness, which the defendants are asking the court to determine in advance of trial. However, the proper focus of a motion in limine is to determine the relevance and/or admissibility of evidence, not its truthfulness. *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002) ("Motions in limine are well-established devices that streamline trials and settle *evidentiary* disputes in advance, so that trials are not interupted mid-course for the consideration of lengthy and complex *evidentiary* issues.") (emphasis added). Determining the truthfulness of testimony is for the jury as fact-finder. The means of attacking a witness' truthfulness is through cross-examination, not motions in limine. Accordingly, the motion to "admit" that Georgeson is no longer licensed and to bar testimony to the contrary [85-1] is denied.

The court also notes that in his response to the defendants' motion, Georgeson questioned the relevance of the loss of his license. However, he has not filed a motion in limine seeking to bar evidence that he lost his license, so the court has no occasion to address the issue.

**CONCLUSION**

For the reasons stated, Georgeson's motion in limine [80-1] is granted in part and denied in part as follows: the defendants may rely on evidence that Georgeson's outside work adversely affected his ability to provide full-time patient care at DuPage Surgical, but they may not rely upon evidence that Georgeson's nutritional supplement business lost $200,000, or evidence that he has been involved in other litigation. The defendants' motion in limine to prevent Georgeson from presenting any expert witnesses [82-1] is granted, but the court will not at this time bar DuPage Surgical's accountants from opining on the value of Georgeson's shares in the group practice. The defendants' motion in limine to admit that the plaintiff is no longer a licensed

physician [85-1] is denied. The defendants' motion in limine to bar reference to their finances [83-1] is taken under advisement and will be ruled upon at trial. The defendants' motion in limine to bar reference to settlement negotiations [84-1] is granted.

ENTER:

DATE: March 22, 2007

/s/ Blanche M. Manning
Blanche M. Manning
United States District Judge