UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW GEORGESON, D.O., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 05 C 1653 |
| v. | ) |
| | ) Honorable Judge Samuel P. King |
| DUPAGE SURGICAL CONSULTANTS, LTD., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT JORGENSEN'S AND ALTIMARI'S RENEWED MOTION
FOR JUDGMENT AS A MATTER OF LAW ON
COUNTS I AND III OF PLAINTIFF'S COMPLAINT**

Defendants Richard A. Jorgensen, M.D. and Anthony Altimari, M.D. (collectively "Defendants") hereby submit their Renewed Motion for Judgment as a Matter of Law on Counts I and III of Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 50(b).

**I.    INTRODUCTION**

Plaintiff Andrew Georgeson ("Plaintiff") is a physician formerly employed by Defendant DuPage Surgical Consultants, Ltd. ("DSC"), an Illinois medical corporation providing general surgical services throughout Chicago's western suburbs. Plaintiff resigned from the medical practice in August 2002 without a written agreement entitling him to any monies from DSC when he departed.

Almost three years after he resigned from the corporation, Plaintiff brought the instant lawsuit in March 2005 against the corporation and two of the corporation's physician-shareholders, Defendants Richard A. Jorgensen, M.D. ("Dr. Jorgensen") and Anthony Altimari, M.D. ("Dr. Altimari"), claiming that the defendants "took away his shares" and owed him compensation for his alleged shareholder interest in the corporation. Plaintiff's complaint

alleged four causes of action: 1) statutory oppression under 805 ILCS 5/12.56 against Dr. Jorgensen and Dr. Altimari ("Count I"); 2) a claim for failure to allow a shareholder to inspect a corporation's books and records under 805 ILCS 5/7.75(b) against all of the Defendants ("Count II"); 3) common law breach of fiduciary duty against Dr. Jorgensen and Dr. Altimari ("Count III"); and 4) civil conspiracy against all of the Defendants ("Count IV"). (*See* Doc. No. 1).

This lawsuit proceeded to trial on October 9, 2007, and Plaintiff rested his case on October 11, 2007. On the same date, all of the defendants moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 (a) and contemporaneously filed the motion in writing that day. (*See* Doc. No. 164). The Court took the motion under advisement. Defendants subsequently presented and completed their case in chief. After the close of all evidence on October 15, 2007, Defendants again moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 (a). (*See* Doc. No. 169). Prior to the jury receiving its instructions, the Court granted judgment as a matter of law in DSC's favor on Count IV, the conspiracy claim, and dismissed the corporation from the count.

On October 17, 2007, the jury returned its verdict. The jury found in Plaintiff's favor on Count I, awarding zero damages, and on Count III with an award against Dr. Altimari and Dr. Jorgensen, each in the amount of $6,938.00, plus 3.5% interest from October 23, 2002 through October 17, 2007. The jury further awarded Plaintiff punitive damages against Dr. Altimari and Dr. Jorgensen in the amount of $250.00 each with respect to Count III. The jury found in favor of all of the Defendants on Count II and in favor of the remaining defendants, Dr. Altimari and Dr. Jorgensen, on Count IV.

This Court should set aside the jury's verdict on liability on Count I (oppression), on liability and compensatory damages on Count III (breach of fiduciary duty) and on the jury's

2

award of punitive damages.[1] In light of the evidence presented at trial, no reasonable jury could find that Dr. Altimari and Dr. Jorgensen oppressed Plaintiff or breached their fiduciary duty to Plaintiff. As such, the instant motion should be granted and judgment should be entered as a matter of law on Counts I and III against Plaintiff and in Dr. Altimari's and Dr. Jorgensen's favor.

## II. FACTUAL SUMMARY

From 1996 through 2002, Plaintiff practiced medicine at DSC without any written employment agreement. Plaintiff was recruited into the practice by one of DSC's physicians, Dr. Louis Montana, with the potential to later join the practice as a shareholder. Plaintiff did not request that the terms of the offer be reduced to writing. (See Excerpt of Trial Transcript, Defendants' Cross-Examination of Plaintiff, p. 18, attached as Exhibit "A.") The following year, Plaintiff voluntarily agreed to work under a salary adjustment to become a shareholder of the corporation, wherein money was deducted from his compensation on a quarterly basis. (Exh. A, p. 18.) Plaintiff became a shareholder of DSC in January 1998, when the 3-year salary adjustment process began. (Exh. A., p. 26.) The adjustments were credited to the existing physician-owners who helped Plaintiff begin his practice at DSC, including Dr. Montana and Defendants Dr. Altimari and Dr. Jorgensen. Becoming a shareholder of DSC allowed him the opportunity to earn more money than even the most productive senior surgeons in the group. (Exh. A., p. 19.) As Plaintiff testified, by going through the salary adjustment, he was offered an opportunity to make significantly more money than what he was making under the independent contractor arrangement. (Exh. A., p. 19.)

Plaintiff testified that no one told him that he would receive any monies from his departure from DSC, nor did he ask anyone what he would receive. (Exh. A., p. 71-72.)

---

[1] Defendants do not, in the alternative, seek a new trial.

3

Nevertheless, in October 2002, Defendants paid Plaintiff his collected accounts receivable at that time. Plaintiff admitted he received this payment from DSC.

Plaintiff testified that he only "assumed" that he would receive the return of his salary adjustment, his alleged "capital contribution," upon his departure or any type of value for his alleged shareholder interest. (Exh. A., p. 11, 70-72.) His assumption was based on his alleged belief that two other physicians that departed, Drs. Thomas Tomasik and Preston Black, had purportedly received their alleged capital contributions back. (Exh. A., p. 70.) In addition, Drs. Tomasik and Black left the corporation under different circumstances as he and Plaintiff did not deny this. In the case of Dr. Tomasik, Plaintiff testified that he never saw the terms of the agreement until after this litigation incepted. (Exh. A., p. 4 and 11.) The events surrounding Dr. Black's departure also did not occur until after Plaintiff made the decision to become a shareholder of DSC, and Plaintiff did not reveal any evidence to substantiate that Dr. Black signed a separation agreement and received monies as a result of that. (Exh. A., p. 9-12.) Furthermore, Plaintiff did not present any evidence to show that anyone else at DuPage Surgical had the same understanding that Plaintiff now claims he has about receiving payment for his alleged shareholder interest beyond his accounts receivable.

Plaintiff, on his own accord, left DSC in August 2002 without any written notice. (Exh. A., p. 2.) Plaintiff left the state of Illinois and moved to Michigan. (Exh. A., p. 2.) Plaintiff no longer returned to Illinois to practice medicine at DSC or attend any of the group's periodic shareholder meetings. (Exh. A., p. 2.) Subsequent to Plaintiff's departure from the corporation, Plaintiff's Illinois medical license expired. (Exh. A., p. 2.)

### III. <u>LEGAL STANDARD</u>

Under Rule 50(b), judgment as a matter of law may be entered where "there is no legally

4

sufficient evidentiary basis for a reasonable jury to find for [a] party on [an] issue." *Kossman v. Northeast Ill. Regional Commuter Railroad Corp.*, 211 F.3d 1031, 1036 (7th Cir. 2000), *quoting* Fed. R. Civ. P. 50. After reviewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party, the Court must determine whether the verdict is supported by sufficient evidence. *Kossman*, 211 F.3d at 1036; *Tincher v. Wal-Mart Stores, Inc.*, 118 F.3d 1125, 1129 (7th Cir. 1997). The Court should overturn a jury verdict if no reasonable jury could have found in favor of the plaintiff. *Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1043 (7th Cir. 1999).

The Court must consider whether there is substantial evidence in favor of the non-movant. *Mutual Service Cas. Ins. Co. v. Elizabeth State Bank*, 265 F.3d 601, 612 (7th Cir. 2001); *Downes v. Volkswagen of Am., Inc.*, 41 F.3d 1132, 1139 (7th Cir. 1984) (evidence supporting non-movant's claims must have been substantial). A "mere scintilla" of evidence is not enough to prevent judgment as a matter of law. *Garrett v. Barnes*, 961 F.2d 629, 632 (7th Cir. 1992); *James v. Milwaukee County et al.*, 956 F.2d 696, 698 (7th Cir. 1992). In addition, a motion for judgment as a matter of law is properly granted against a party who relies only on speculation and conjecture. *Barnes*, 961 F.2d at 632, *quoting McClure v. Cywinski*, 686 F.2d 541, 544 (7th Cir. 1982).

## IV. ARGUMENT

The Court should set aside the jury's verdict for liability on Count I (oppression), for liability and damages on Count III (breach of fiduciary duty) and the jury's award of punitive damages. In light of the evidence presented at trial, no reasonable jury could find that Defendants Dr. Altimari and Dr. Jorgensen oppressed Plaintiff, breached their fiduciary duty against him or engaged in a level of conduct that would warrant an award of punitive damages.

5

### A. No Reasonable Jury Could Find That Dr. Altimari and Dr. Jorgensen Oppressed Plaintiff

Plaintiff pursued his oppression claim under Section 12.56 of the Illinois Business Corporation Act ("BCA"). The BCA states that a shareholder in a non-public corporation may obtain remedy as provided by the Act if the "directors or those in control of the corporation have acted, are acting, or will act in a manner that is illegal, oppressive, or fraudulent with respect to the petitioning shareholder whether in his or her capacity as a shareholder, director or officer." 805 ILCS 5/12.56(a)(3). The crux of Plaintiff's claim has been that Defendants oppressed him by "taking away his shares," refusing to compensate him for his purported shares or profits from his ownership and refusing his requests to review DSC's books and records. (*See* Doc. No. 131, Exhibit H, Pl. Tr. Br. p. 5.) Plaintiff had the stringent burden to prove that these acts amounted to oppression under Section 12.56 by Defendants Dr. Altimari and Dr. Jorgensen as directors or those in control of the corporation.

Plaintiff failed to establish that Dr. Altimari and Dr. Jorgensen in their capacity as "directors or those in control of the corporation" in committing any of the acts of oppression he claimed they committed. 805 ILCS 5/12.56(a)(3). Plaintiff failed to present sufficient evidence to substantiate that Dr. Altimari and Dr. Jorgensen engaged in wrongful conduct and acted out of their own self-interest as "directors" (or as officers) of the corporation. Plaintiff also failed to set forth sufficient evidence to support that Dr. Altimari and Dr. Jorgensen were persons "in control of the corporation," particularly where it has been undisputed that all of the shareholders of the corporation shared an equal shareholder interest in the corporation. Dr. Altimari and Dr. Jorgensen were not majority shareholders or majority directors in the corporation at the time Plaintiff was practicing at DSC nor subsequent to his resignation from the corporation.

Even if Plaintiff sufficiently established that Dr. Altimari and Dr. Jorgensen acted in a

requisite capacity under the statute, there was no rational basis for the jury to find that individual acts by Dr. Altimari or Dr. Jorgensen constituted oppressive conduct. Illinois courts have found oppression in situations clearly involving conduct that is overpowering, tyrannical and domineering. *Central Standard Ins. Co. v. David,* 10 Ill. 2d 566, 571, 141 N.E.2d 45 (1957); *see also Jaffe Commercial Fin. Co. v. Harris*, 119 Ill. App. 3d 136, 146, 456 N.E.2d 224 (1st Dist. 1983) (concluding that the decision by majority shareholders to effectively oust a minority shareholder from participation in the corporation's business did not constitute oppression under the BCA). Only acts that are "arbitrary, overbearing and heavy-handed" will result in a finding of oppression. *Compton v. Paul K. Harding Realty Co.*, 6 Ill.App.3d 488, 499, 285 N.E.2d 574 (5th Dist. 1972). Further, no single act which, by itself, will be deemed oppressive without consideration of the surrounding circumstances. *Schirmer v. Bear*, 271 Ill.App.3d 778, 784, 648 N.E.2d 1131 (2d Dist. 1995).

Plaintiff failed to present any evidence that Dr. Altimari and Dr. Jorgensen acted in a fashion that a reasonably jury would consider to be "arbitrary," "overbearing" or "heavy-handed." Obviously, the jury's finding against Plaintiff on his statutory claim relating to the inspection of books and records negates the premise that Defendants committed any wrongdoing with respect to the same records-related allegations supporting his oppression claim. The jury's refusal to award Plaintiff any damages on the oppression count also supports that Plaintiff was not oppressed.

In addition, Plaintiff failed to present any evidence that Dr. Altimari or Dr. Jorgensen took any independent action to oust Plaintiff from the corporation or made any individual decisions to not compensate Plaintiff for his alleged interest. Plaintiff did not present any evidence to refute the fact that Dr. Jorgensen and Dr. Altimari were merely part of the

7

corporation's business decision, agreed to by all of DSC's directors and shareholders, to pay Plaintiff only the collected accounts receivable at that time. Here, the actions Plaintiff alleged as constituting oppression are instead the products of the collective business judgment of all of DSC's directors and shareholders, and were not motivated by a desire by Dr. Altimari or Dr. Jorgensen in their individual capacities to disadvantage Plaintiff. *Romanik v. Lurie Home Supply Center, Inc.*, 105 Ill.App.3d 1118, 1134, 435 N.E.2d 712 (5th Dist. 1982).

Consideration of the circumstances upon which Plaintiff came into the practice and departed the practice further support that Plaintiff was not oppressed by Dr. Altimari and Dr. Jorgensen. As stated above, Plaintiff testified that although he did not sign a shareholder agreement, he merely "assumed" he would receive monies upon his voluntary termination. Such an assumption was clearly unreasonable, especially in light of the fact that he admits that no one informed him of such an arrangement when he joined as a shareholder. Plaintiff voluntarily chose to abandon the practice, move to Michigan and ceased attending shareholder meetings. Plaintiff even admitted that prior to leaving the practice, he did not attend one of the shareholder meetings scheduled in May, 2002 as such a meeting was for "existing shareholders," (Exh. A., p. 75), and he did not renew his Illinois medical license in 2005 to merely support a façade that he was a shareholder when he knew that he was no longer a shareholder. Plaintiff failed to submit any evidence to support that Dr. Altimari or Dr. Jorgensen shut him out of the corporation. Rather, it was through Plaintiff's voluntary conduct that he abandoned his shareholder interest in the corporation. Therefore, Plaintiff's oppression claim fails and a reasonable jury could not find that Dr. Altimari and Dr. Jorgensen oppressed Plaintiff.

### B. No Reasonable Jury Could Find That Dr. Altimari And Dr. Jorgensen Breached Their Fiduciary Duties To Him

To prevail on a claim for breach of fiduciary duty, Plaintiff must establish that: 1) a

fiduciary relationship existed; 2) Defendants owed him a fiduciary duty; 3) the duty was breached; and 4) the breach caused Plaintiff injury. *Chicago City Bank and Trust Co. v. Lesman*, 186 Ill.App.3d 697, 542 N.E.2d 824 (1st Dist. 1989). The duties of a fiduciary are those of loyalty, good faith and honesty. *Artra Group v. Salmon Bros. Holding Co.*, 288 Ill.App.3d 467, 470, 680 N.E.2d 760 (2d Dist. 1997). Fiduciaries may not enhance their personal interests at the expense of the corporation's interests and may not place themselves in a position where their own individual interests might interfere with the performance of their duties to their corporation or for their own personal gain. *In re H. King & Assoc.*, 295 B.R. 246, 274 (Bankr. N.D. Ill. 2003); *Levy v. Markal Sales Corp.*, 268 Ill. App. 3d 355, 365, 643 N.E.2d 1206 (1st Dist. 1994).

Plaintiff failed to present any evidence that Dr. Altimari and Dr. Jorgensen breached their fiduciary duties to Plaintiff. Plaintiff's claim that Dr. Altimari and Dr. Jorgensen failed to issue him share certificates or have him sign shareholder action memoranda does not amount to a breach of fiduciary duty where Plaintiff did not establish any evidence to show that such acts somehow allowed the defendants to exploit their positions within the corporation for their own personal benefit or hinder the corporation's ability to continue its business. *In re H. King & Assoc.*, 295 B.R. at 274. Plaintiff did not present any evidence that Dr. Jorgensen or Dr. Altimari acted out of their own self-interests. Moreover, even if he did, Plaintiff waived such a claim as Plaintiff never requested any such certificates or complained about not having the opportunity to review or sign the shareholder action memoranda. Plaintiff also failed to present any evidence that any alleged breaches caused him any injury.

The absence of such evidence is further reflected in the jury's compensatory damages award to Plaintiff. The total amount of awarded compensatory damages against Dr. Altimari and Dr. Jorgensen ($13,876.00) equals the remaining amount of accounts receivables that Plaintiff

claimed that DSC collected after its initial payment to Plaintiff in October 2002, minus an allotment for overhead. The jury, therefore, merely found that Dr. Altimari and Dr. Jorgensen breached their fiduciary duty to Plaintiff by failing to pay him the additional accounts receivables that were collected and attributable to his services prior to his departure from the corporation. The corporation's decision not to pay Plaintiff any additional payment for accounts receivables, however, does not constitute a breach of fiduciary duty by Dr. Altimari and Dr. Jorgensen, as this would merely be a breach of contract claim Plaintiff could have made against the corporation, a claim Plaintiff never pursued. *See Romanik,* 105 Ill.App.3d at 1134-1135 (concluding directors' decision to not pay dividends did not constitute a breach of fiduciary duty). The only evidence presented was that the corporation, and not Dr. Altimari or Dr. Jorgensen individually, owed Plaintiff his collected accounts receivable at the time of his departure and that it was a group decision not to pay him additional amounts. This award is particularly inappropriate where it is undisputed that Plaintiff did not make any demands for such amounts until sometime after the discovery process in this litigation had incepted, he did not make a claim and Plaintiff did not present any evidence that Dr. Altimari or Dr. Jorgensen reached any such decision independently.

Dr. Jorgensen and Dr. Altimari are, moreover, entitled to the protections of the business judgment rule. The business judgment rule is a presumption that shareholders, officers and directors of a corporation make decisions on an informed basis, in good faith and with the best interests of the corporation in mind. *Ferris Elevator Co., Inc. v. Neffco, Inc.,* 285 Ill.App.3d 350, 354, 674 N.E.2d 449 (3d Dist. 1996). If the shareholders, directors and/or officers were merely acting within the scope of their duties and exercising their business decision, they cannot be held liable for their decisions. *See Romanik,* 105 Ill.App.3d at 1134; *see also Lower v. Lanark Mut.*

*Fire Ins. Co.*, 114 Ill.App.3d 462, 467, 448 N.E.2d 940 (2d Dist. 1983) ("[C]orporate directors, acting without corrupt motive and in good faith, will not be held liable for honest errors or mistakes of judgment, and a complaining shareholder's judgment shall not be substituted for that of the directors.")

It was Plaintiff's burden to show the presumption of the business judgment rule did not apply by presenting evidence that Dr. Jorgensen and Dr. Altimari acted fraudulently, illegally, or without becoming sufficiently informed to make an independent business decision. *Ferris Elevator*, 285 Ill.App.3d at 354. The presumption applies here, particularly where Plaintiff agreed to voluntarily dismiss his allegations of self-dealing against Dr. Jorgensen and Dr. Altimari. (*See* Letter from Plaintiff's counsel relating to the dismissal of certain complaint allegations, attached hereto as Exhibit "B".) Plaintiff failed to show that his unsubstantiated allegations amount to anything more than what could have at most been poor business judgment. Without more, an exercise of poor business judgment, if any by these Defendants, does not constitute a breach of a fiduciary duty. *Artra Group*, 288 Ill.App.2d at 471. Since Dr. Altimari and Dr. Jorgensen's alleged conduct would have been protected by the business judgment rule, no reasonable jury could have found them liable for breaching their fiduciary duties to Plaintiff.

### C. No Reasonable Jury Could Find Dr. Altimari and Dr. Jorgensen Liable For Punitive Damages

The jury's punitive damages award to Plaintiff against Dr. Altimari and Dr. Jorgensen for allegedly breaching their fiduciary duty is unwarranted and unsupported by the record. In order to recover punitive damages, Plaintiff must have proven that Dr. Altimari's and Dr. Jorgensen's conduct was outrageous, either because their motive was evil or their acts showed a reckless disregard of Plaintiff's rights. *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 186, 384 N.E.2d 353 (1978). There is no evidence in this record that comes close to any of this criteria. Nothing in

11

the record points to the kind of evil intent, reckless disregard, or outrageous conduct that would be necessary for punitive damages.

Here, punitive damages are unsupported by substantial evidence as a whole and it would be wholly inequitable to punish Dr. Altimari and Dr. Jorgensen. The fact that the jury did not find Dr. Altimari and Dr. Jorgensen liable for any wrongful acts relating to Plaintiff's requests to inspect DSC's books or records, did not find them liable for conspiracy, did not find them liable to pay any damages for oppression, and in essence, simply held Dr. Altimari and Jorgensen liable to pay Plaintiff the remainder of his collected accounts receivable, supports that their alleged conduct is not of the nature to warrant punishment. Therefore, Plaintiff's claim for punitive damages should have been denied, and this Court should enter judgment as a matter of law in Dr. Altimari's and Dr. Jorgensen's favor.

## V.     CONCLUSION

WHEREFORE, Defendants Richard A. Jorgensen, M.D. and Anthony Altimari, M.D. respectfully request that this Court grant their Renewed Motion For Judgment As A Matter Of Law On Counts I and III of Plaintiff's Complaint, and against Plaintiff Andrew Georgeson, and for any other relief this Court deems just and appropriate.

Dated: This 5th day of November, 2007.

                                                            Respectfully Submitted,

                                                            RICHARD A. JORGENSEN, M.D and
                                                           ANTHONY ALTIMARI, M.D.

                                                           By: /s/ James K. Borcia
                                                                   One of Their Attorneys

Daniel R. Formeller
James K. Borcia
Katherine L. Haennicke
Charmagne Topacio

TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000

ctl/418890

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW GEORGESON, D.O., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 05 C 1653 |
| | ) |
| DUPAGE SURGICAL CONSULTANTS, LTD., | ) Honorable Judge Samuel P. King |
| RICHARD A. JORGENSEN, M.D., and | ) |
| ANTHONY ALTIMARI, M.D., | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on **November 5, 2007**, I electronically filed **Defendant Jorgensen's and Altimari's Renewed Motion For Judgment As A Matter Of Law On Counts I and III of Plaintiff's Complaint** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

        John P. Morrison
        Jeffrey T. Petersen
        BELL, BOYD & LLOYD LLC
        Three First National Plaza
        70 West Madison Street, Suite 3100
        Chicago, IL 60602

        RICHARD A. JORGENSEN, M.D and
        ANTHONY ALTIMARI, M.D.

        By: /s/ James K. Borcia
              One of Their Attorneys

Daniel R. Formeller
James K. Borcia
Katherine L. Haennicke
Charmagne Topacio
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000